## MATTER OF BUCKLAND

### In SECTION 248 Proceedings

#### A-13289860

*Decided by Regional Commissioner April 28, 1964*

Application under section 248, Immigration and Nationality Act, for change of
nonimmigrant status from visitor to that of student is denied, in the exercise of
discretion, to a 49-year-old mother of 4 children who has no disclosed income
or assets of her own; who has enrolled in a 12-class-hours per week course
in designing at an estimated cost of $2,500 per annum; and who, for mainte-
nance, tuition and expenses (except for any undisclosed support received from
her husband in Jamaica) is dependent upon her cousin who is under no legal
obligation to support her, and concerning whom considerable doubt exists
as to whether his income and assets are adequate for him to assume the burden
of supporting the applicant in the United States.

This matter is before the Regional Commissioner on appeal from
the decision of the District Director at New York, who has denied
the applicant's request for change of status from that of a visitor to
that of a student on the ground that since she attends classes for only
twelve hours per week and there is no extensive outside study, she is not
a full-time student. Additionally, he has concluded that the nature
of the applicant's schooling, her age, the time she has been in the
United States as a visitor, her hours of attendance at school and the
affidavits of support, indicate that Mrs. Buckland is only attempting to
prolong her stay in the United States.

The applicant is a citizen of Jamaica who was born on March 22,
1915 at Portland, Jamaica. She was admitted to the United States
on June 15, 1963, at New York, New York, as a visitor to August 14,
1963. An extension of stay was granted to her on August 2, 1963
for the period up to November 14, 1963 and she was advised that this
was her final extension. On October 7, 1963 her application for change
of status was received in the New York office, together with the com-
pleted certificate of eligibility from the Mayer School of Fashion
Design, which indicated that the applicant had enrolled in a course
in designing, the cost of which was estimated at $2,500 per annum.

The present application indicates Mrs. Buckland is married, and that her husband resides in Kingston, Jamaica. This application has not been completed in the space provided for the names and ages of the children, but the applicant's prior request for an extension of stay was completed to show that she has four children.

The applicant has also presented (1) an affidavit of support dated September 12, 1963 and completed by Roy George Whitelock, her cousin; (2) a statement by Cute Miss Coats Inc. dated September 25, 1963 reciting the employment of Roy Whitelock at earnings of $85 per week and (3) a statement on the stationery of Paragon Progressive Federal Credit Union dated October 4, 1963 and reciting the existence of a share (savings) account in which Roy Whitelock has a balance of $1,222.14. A further letter from the Mayer School of Fashion Design dated October 26, 1963 has been submitted by the applicant which advises that Mrs. Lillian Buckland was enrolled in a designing course; that she attends twelve class hours per week and will devote five to ten hours per week to her homework. Counsel, during oral argument in support of this appeal, has furnished a letter from the Mayer School of Fashion Design in which the attendance of the applicant at this school since October 6, 1963 is acknowledged. It also advises that her course of study will continue to February 7, 1965.

The record in this case, including the argument submitted by counsel in connection with his appeal, has been carefully reviewed. The applicant is a 49-year-old mother of four children, who has no disclosed income or assets of her own and is dependent, except for what contributions she may receive from her husband, after maintaining himself and their four children, upon Roy Whitelock for maintenance, tuition and expenses. No evidence has been submitted as to the amount of support which she receives from her husband. It is also noted that her cousin is under no legal obligation to support her and there is considerable doubt as to whether his income and assets are adequate for him to assume the burden of supporting the applicant in the United States. The applicant's desire to engage in an educational program in dress designing has not been manifested in any way prior to her application for change in status. She came to the United States to visit a friend and has accomplished this purpose. Under all of the circumstances present in this proceeding, it is concluded that her request for a change of status does not, as a matter of discretion, warrant approval.

*It is ordered* that this appeal be and the same is hereby dismissed.